## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANA CHISLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO.  09-6236** |
| **WARDEN, WINN CORRECTIONAL CENTER** | **SECTION "I"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.     Factual Background

The petitioner, Dana Chisley, ("Chisley"), is an inmate incarcerated in the Winn Correctional Center in Winnfield, Louisiana.[2]  The record reflects that, on May 13, 2003, Dana Chisley and two co-defendants, Christopher English and Gary Stolowski, were charged in a four count bill of information which included one count of distribution of crack cocaine and one count of possession

---

[1] Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

of alprazolam.[3] On July 15, 2003, Chisley entered a plea of guilty to these two counts.[4] Pursuant to the plea agreement, he was sentenced to serve 15 years in prison on the distribution count and a concurrent five year sentence on the possession count.[5]

That same day, the State filed a multiple bill charging Chisley as a second offender.[6] Chisley entered a plea of guilty and was resentenced as to the distribution count to serve 15 years as a multiple offender to run concurrent with the five year sentence imposed on the possession count.[7]

On July 22, 2003, Chisley filed a pleading entitled "Motion of Appeal to Retract Guilty Plea" in which he advised the state trial court that he intended to appeal and seek revocation of his guilty plea because of pressure by his lawyer to enter the plea.[8] On August 6, 2003, the Trial Court ordered Chisley to re-file his motion and attach the plea and sentencing transcripts.[9] Chisley re-filed the motion through counsel as one seeking reconsideration of the sentence which he agreed to under

---

[3] Two other counts of distribution of crack were urged only against Stolowski. This copy of the record does not contain a copy of the bill of information. St. Rec. Vol. 1 of 2, State Record Cover, 5/13/03; Rec. Doc. No. 12.

[4] St. Rec. Vol. 1 of 2, Plea Minutes, 7/15/03; Plea of Guilty & Waiver of Rights; Plea Transcript, 7/15/03. English later entered a plea of guilty as to one count of distribution of crack cocaine. St. Rec. Vol. 1of 2, Plea Minutes (English), 8/20/03. Stolowski entered a plea of guilty to all four counts. St. Rec. Vol. 1 of 2, Plea of Guilty & Waiver of Rights (Stolowski), 9/9/04.

[5] *Id.*

[6] St. Rec. Vol. 1 of 2, Multiple Bill, 7/15/03.

[7] St. Rec. Vol. 1of 2, Multiple Bill Hearing Minutes, 7/15/03; Plea of Guilty & Waiver of Rights as a Multiple Offender, 7/15/03; Plea Transcript, 7/15/03.

[8] St. Rec. Vol. 1 of 2, Motion of Appeal to Retract Guilty Plea, 7/22/03.

[9] St. Rec. Vol. 1 of 2, Trial Court Order, 8/6/03.

duress.[10] The Trial Court denied the motion on August 25, 2003, citing La. Code Crim. P. art. 881.1(C).[11]

Chisley's conviction therefore became final thirty days later, on September 24, 2003, when he did not appeal or seek further review of the denial of his motions. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914[12]).

## II. State Court Procedural History

On October 21, 2003, Chisley filed a motion seeking copies of his transcript and certain record documents.[13] The Trial Court granted the motion in part only to provide Chisley with a copy of his plea and sentencing transcript.[14]

---

[10]St. Rec. Vol. 1 of 2, Motion to Reconsider Sentence, 8/14/03.

[11]St. Rec. Vol. 1of 2, Trial Court Order, 8/25/03.

[12]The *Cousin* court recognized that the failure to move timely for appeal under La. Code Crim. P. art. 914 render the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). At the time of *Cousin*, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal. Affording Chisley every benefit, the Court will afford him the full 30 days made effective in 2003.

[13]St. Rec. Vol. 1 of 2, Motion for Production of Documents, 10/21/03.

[14]St. Rec. Vol. 1 of 2, Trial Court Order, 10/24/03.

On February 20, 2004, Chisley filed a "Motion of Appeal to Retract Guilty Plea" noticing his intent to appeal and to withdraw his guilty plea.[15] The Trial Court denied the motion as repetitive of the prior motion denied on August 6, 2003.[16]

On December 2, 2004, Chisley filed a letter requesting that the Trial Court amend his sentence to allow for parole eligibility.[17] The Court construed the letter as a motion and determined that the original sentence was correct. The Court also entered an amended order expressing the statutory limits on probation and parole.[18]

Chisley filed another letter on October 7, 2004, requesting that the Court clarify the sentence further, specifically with respect to whether it could be suspended.[19] The Trial Court denied the motion.[20]

On April 2, 2005, Chisley submitted a motion to the Trial Court requesting that his illegal sentence be corrected.[21] The Court denied the motion on April 12, 2005.[22] The Louisiana Fifth Circuit denied Chisley's writ application on May 18, 2005, finding no error in the Trial Court's ruling.[23]

---

[15] St. Rec. Vol 1 of 2, Motion of Appeal to Retract Guilty Plea, 2/20/04.

[16] St. Rec. Vol. 1 of 2, Trial Court Order, 3/3/04.

[17] St. Rec. Vol. 1 of 2, Motion by Letter, 12/2/04.

[18] St. Rec. Vol. 1 of 2, Trial Court Order, 12/16/04; Trial Court Order, 12/21/04.

[19] St. Rec. Vol. 1 of 2, Motion by Letter, 10/7/04.

[20] St. Rec. Vol. 1of 2, Trial Court Order, 10/18/04.

[21] St. Rec. Vol. 1 of 2, Motion to Correct an Illegal Sentence, 4/11/05 (attachment dated 4/2/05).

[22] St. Rec. Vol. 1 of 2, Trial Court Order, 4/12/05.

[23] St. Rec. Vol. 2 of 2, 5th Cir. Order, 05-KH-509, 5/18/05 (showing writ application filed 5/12/08).

On June 13, 2005, Chisley filed a writ application with the Louisiana Supreme Court.[24] The Court partially granted the application on March 10, 2006, to instruct the Trial Court to correct the sentence to reflect that the prohibition on parole was only for two years.[25] The application was denied in all other respects. The Trial Court complied on March 27, 2006.[26] Chisley sought no further review.

On January 25, 2008, Chisley filed another motion seeking copies of his transcript and other record documents.[27] The Trial Court denied the motion on February 1, 2008.[28] The Louisiana Fifth Circuit denied his related writ application on April 3, 2008.[29]

Chisley filed another motion to correct his sentence on April 8, 2008.[30] The Trial Court construed the motion as an application for post-conviction relief and denied it finding that he was not entitled to the relief sought and that it was procedurally improper pursuant to La. Code Crim. P. art. 930.8.[31] The Louisiana Fifth Circuit denied Chisley's subsequent writ application as meritless, repetitive, and untimely under La. Code Crim. P. art. 930.8.[32]

---

[24]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 05-KH-1558, 6/13/05 (filed by hand 6/13/05); St. Rec. Vol. 1 of 2, La. S. Ct. Letter, 2005-KH-1558, 6/13/05 (showing filed by hand 6/13/05).

[25]*State v. Chisley*, 923 So.2d 618 (La. 2006); St. Rec. Vol. 1 of 2, La. S. Ct. Order, 2005-KH-1558, 3/10/06.

[26]St. Rec. Vol. 1 of 2, Sentencing Minutes (Corrected), 3/27/06.

[27]St. Rec. Vol. 1 of 2, Motion for Production of Documents, 1/25/08.

[28]St. Rec. Vol. 1 of 2, Trial Court Order, 2/1/08.

[29]St. Rec. Vol. 1 of 2, 5th Cir. Order, 08-KH-191, 4/3/08 (showing application filed 2/28/08).

[30]St. Rec. Vol. 1 of 2, Motion to Correct an Illegal Sentence, 4/8/08.

[31]St. Rec. Vol. 1 of 2, Trial Court Order, 4/14/08. At the time of his conviction, La. Code Crim. P. art. 930.8 provided a two-year period for a defendant to file for post-conviction relief in the state courts.

[32]St. Rec. Vol. 1 of 2, 5th Cir. Order, 08-KH-398, 5/29/08 (showing application filed 5/6/08).

On June 16, 2008, Chisley submitted a writ of habeas corpus to the Trial Court arguing that his sentence should be vacated as excessive.[33] The Trial Court denied the petition on June 25, 2008, finding that he was not entitled to the relief sought and that the petition was an untimely filed application for post-conviction relief as pursuant to La. Code Crim. P. art. 930.8. The Louisiana Fifth Circuit denied Chisley's related writ application finding no error in the Trial Court's ruling.[34]

On October 13, 2008, Chisley submitted another writ application to the Louisiana Supreme Court seeking review of that order.[35] The Court denied the application on August 12, 2009, citing La. Code Crim. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995)[36] and La. Code Crim. P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996).[37]

### III. Federal Petition

On August 31, 2009, the clerk of United States District Court for the Western District of Louisiana filed Chisley's petition for federal habeas corpus relief, in which he raised two grounds for relief:[38] (1) the state courts erred in denying his petition for relief as time barred under La. Code Crim. P. art. 930.8 instead of ruling on the merits of his claim that the Trial Court failed to vacate the original sentence before imposing the habitual offender sentence; and (2) the state trial court

---

[33]St. Rec. Vol. 1 of 2, Writ of Habeas Corpus, 6/19/08 (dated 6/16/08).

[34]St. Rec. Vol. 1 of 2, 5th Cir. Order, 08-KH-641, 8/26/08 (showing application filed 8/1/08).

[35]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 08-KH-2454, 10/13/08 (postmarked 9/18/08, dated 9/17/08); St. Rec. Vol. 1 of 2, La. S. Ct. Letter, 2008-KH-2454, 10/13/08 (showing postmark of 9/18/08).

[36]In *Glover*, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under Article 930.8, even if the lower court addressed the merits or did not consider timeliness.

[37]*State ex rel. Chisley v. State*, 17 So.3d 368 (La. 2009); St. Rec. Vol. 1 of 2, La. S. Ct. Order, 2008-KH-2454, 8/12/09. In *Melinie*, the Louisiana Supreme Court, relying on La. Code Crim. P. Art. 930.3, ruled that claims of excessive sentence or errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief.

[38]Rec. Doc. No. 1.

erred in allowing the filing of the multiple bill without producing evidence that he had been released from supervisory release on the prior conviction, which was outside of the cleansing period. The petition was transferred to this Court on September 14, 2009.

The State filed a response in opposition to Chisley's petition arguing that the federal petition was untimely filed.[39] The State alternatively argues that Chisley failed to exhaust state court remedies as to his second claim, and further that his first claim is in procedural default and barred from federal review.

### IV.     General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[40] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on August 26, 2009.[41] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b)-(c) (2006)).

---

[39] Rec. Doc. No. 9.

[40] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[41] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of the Western District filed Chisley's petition on August 31, 2009. Chisley's signature on the petition is dated August 26, 2009. This is the earliest date on which he could have submitted the pleadings to prison officials for mailing.

In this case, the State argues that Chisley's petition was not timely filed, that Chisley failed to exhaust his second claim, and that his first claim is in procedural default. The Court finds that the limitations defense is dispositive of Chisley's petition.

## V.     **Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[42]  *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).  Chisley's conviction is deemed final on September 24, 2003.[43]  Under the plain language of § 2244, Chisley had until September 24, 2004, to file a timely application for federal habeas corpus relief and he failed to do so.  Thus, literal application of the statute would bar Chisley's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

---

[42]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
A.     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

[43]Although the sentencing minutes were later clarified regarding parole eligibility to match the statutory language, Chisley was not resentenced such to effect the finality of his conviction and sentence.  He is instead simply granted tolling for the pendency of the motion to clarify.  *See*, *e.g.*, *Diggs v. Tanner*, No. 10-0787, 2010 WL 4553519 (E.D. La. Oct. 27, 2010) (Report and Recommendation); *Lane v. Rader*, No. 09-0054, 2009 WL 4639805 (M.D. La. Dec. 7, 2009) (explaining Louisiana's ministerial sentence correction process) (Order adopting Report and Recommendation).

8

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2) (2006). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the state's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes "'until further appellate review is unavailable under [Louisiana's] procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, No. 99-3364, 2001 WL 995164, at *5 (3d Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or

claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for document and transcript copies, like those filed by this petitioner, are not other collateral review for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *2 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling); *Cf. Gonzales v. Wilkinson*, 269 Fed. Appx. 481, 484-86 (5th Cir. Mar. 12, 2008) (delay in receiving transcript copies does not warrant statutory or equitable tolling where motion based on the transcript was not timely or properly filed under state law).

In this case, the one-year AEDPA filing period began to run on September 25, 2003, the day after Chisley's conviction and sentence became final. The procedural history outlined in this Report demonstrates several pockets of time spanning hundreds of days during which Chisley had no properly filed state post-conviction or other collateral review. This Court is required to provide Chisley the benefit of the mailbox rule as applied to his state pleadings. While this record is clear as to the filing dates of all of Chisley's state court pleadings, the record is not as clear as to the

submission dates, or the dates on which Chisley mailed each of his pleadings to the various state courts.

It is not necessary, however, for the Court to compel production of prison mail records or similar documents to demonstrate the untimeliness of Chisley's petition. One established period of time falls after the October 18, 2004, denial of Chisley's motion by letter to clarify his sentence. That motion remained pending until November 17, 2004, when he did not seek further review of that denial in the appellate court. He had no properly filed state post-conviction or other collateral review pending from that date until April 2, 2005, when he submitted for filing in the Trial Court his next motion to clarify his sentence. This was a period of 136 days. The motion to clarify is considered to have remained pending until March 10, 2006, when the Louisiana Supreme Court ruled on the related writ application.

From that date forward, Chisley would allow the remaining 229 days to run until October 25, 2006, without a properly filed state post-conviction or other collateral review pending in the state courts. In fact, Chisley allowed at least 661 days to pass without any properly filed state post-conviction relief pending in any court before he would pursue further relief between the years 2006 and 2008. This clearly envelopes any time remaining under the AEDPA filing period and more.

Chisley's next state post-conviction or other collateral review was in 2008, when he submitted for filing his next motion to correct his sentence which was filed in the state trial court on April 8, 2008. The signature line on that pleading is dated in 2008. Although Chisley's did not fill in the entire date, it is apparent that he did not prepare that document until sometime in 2008, and it was filed by the state trial court on April 8, 2008. Thus, from March 10, 2006, through at least January 1, 2008, Chisley had no properly filed state post-conviction or other collateral review

pending in the Louisiana courts. As noted above, his request for copies of transcripts and documents during that period did not fall into that category and did not provide him with any tolling under the AEDPA.

A review of the procedural history demonstrates numerous other pockets of time during which Chisley had no properly filed state post-conviction or other collateral review pending in the state courts. Under any conceivable calculation of the one-year filing period, Chisley did not timely file this federal petition.

The post-AEDPA jurisprudence provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or was prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). Chisley has not made this type of showing here.

Chisley's federal petition is deemed filed on August 26, 2009, and was filed almost three years after the AEDPA filing period expired, at the latest, on October 25, 2006. Chisley's federal petition must be dismissed as untimely.

**VI.    Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Dana Chisley's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[44]

New Orleans, Louisiana, this 21st day of January, 2011.

*[signature]*

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[44] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.